No. ..........

First Circuit

---

DR. FRED. J. MAYER v. MRS. ISRAEL ROUGEAU, SERAN ROUGEAU, ET AL., Intervenors.

(December 8, 1925. Opinion and Decree.)
(January 28, 1926. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Executors and Administrators—Par. 115.**

Although children may have an interest in the $1,000.00 widow's dowry provided by Article 3252 of the Civil Code, this interest terminates when the money is converted into immovables.

2. **Louisiana Digest—Pleading—Par. 62; Marriage—Par. 234.**

A petition of intervention brought by the children claiming an interest in the property of the mother which was bought with the $1,000.00 which she obtained under Article 3252 of the Civil Code as a widow in necessitous circumstances will be dismissed on an exception no cause of action where it is shown that the money was converted into immovables and the children have no recorded lien or mortgage against the property.

Appeal from the Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit in which the owner of a mortgage proceeded to have the property sold under executory process. The chil-dren of the owner of the property intervened. An exception no cause of action was filed by plaintiff. There was judgment maintaining the exception no cause of action and dismissing the intervention. Intervenors appealed. Judgment affirmed.

W. A. Robertson of Opelousas, attorney for plaintiff, appellee.

Sandoz and Sandoz of Opelousas, attorneys for intervenors.

LECHE, J. The facts in this case are substantially that Mrs. Israel Rougeau bought property in the year 1909, from the succession of her husband, through an interposed person, and that she paid for the same with the one thousand dollar homestead she was permitted to receive from her husband's succession, as a widow with dependent children in necessitous circumstances. The plaintiff acquired a mortgage upon the property, and in the year 1921 had the property sold under executory process. The intervenors appeared in the executory proceedings, filed a third opposition in which they claim as minor children of the late Israel Rougeau and of his wife, who is defendant in the executory process, that they are entitled to the one thousand dollars collected for them by their mother and used by her for the purchase of the property seized by the plaintiff, and they ask that said amount be ordered to be paid to them out of the proceeds of sale, by privilege and preference, over the seizing creditor, who is plaintiff herein.

Defendant has made no appearance either in this Court or in the District Court, and the contest is between plaintiff and third opponents.

Plaintiff excepted to third opponent's demand on the ground that their petition showed neither right nor cause of action, and, this exception having been sustained

by the trial Court, third opponents have appealed.

Both sides concede that the property was bought by Mrs. Rougeau as her own; that third opponents never had any proprietary interest therein; that Mrs. Rougeau has the usufruct only of the one thousand dollars, and that at the termination of that usufruct she is legally bound to account to her children for this amount of money. The property presumably has been sold, and is now no longer hers, but for all we know the usufruct of the one thousand dollars may still belong to her, for there is nothing to show that it has been legally terminated.

Third opponents by claiming the proceeds of the sale recognize their mother's ownership of the property and ratify the validity of the sale. Their mother did not have the usufruct of the property, for it belonged to her in absolute ownership. Her usufruct was of the one thousand dollars in money.

We can't conceive how third opponents can have any claim on the proceeds in preference to the seizing creditor, for even if their mother's usufruct of the one thousand dollars in money had terminated, they do not allege or show any mortgage, lien or privilege on such proceeds. Secret mortgage, secret liens and secret privileges on immovables are unknown in this State. They must be recorded in order to affect third persons who deal on the faith of the public records. It is not shown or alleged that Mrs. Rougeau ever qualified as tutrix of her minor children and that any extract of inventory ever was recorded in the mortgage records in order to affect the property sold under the plaintiff's executory process.

Believing that the trial Judge has properly disposed of the issue here involved, the judgment appealed from is affirmed.